IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:08-CT-21-D

KEITH MATHIS, et al.,[1]          )
                                  )
              Plaintiffs,         )
      v.                          )          **ORDER**
                                  )
GEO GROUP, INC., et al.,          )
                                  )
              Defendants.         )

On July 22, 2009, this case was reassigned from Judge Malcolm J. Howard to Judge James

C. Dever III. Several motions are pending [D.E. 31, 48, 62, 64, 65].

GEO Group, Inc ("GEO") filed a motion to dismiss the complaint pursuant to Rule 4(m) of

the Federal Rules of Civil Procedure [D.E. 48]. Plaintiffs, however, filed a first amended complaint

on October 24, 2008 [D.E. 50], obtained a summons [D.E. 51], and served GEO [D.E. 52]. Thus,

GEO's motion to dismiss the complaint [D.E. 48] is DENIED as moot.

GEO filed a motion to strike the amended complaint [D.E. 62]. The motion to strike [D.E.

62] lacks merit and is DENIED. See, e.g., United States ex rel. Precision Co. v. Koch Indus., Inc.,

31 F.3d 1015, 1018–19 (10th Cir. 1994).

Next, the court addresses whether Collins and Roe are proper plaintiffs in this action. The

Federal Bureau of Prisons ("BOP") and BOP Director Harry Lappin contend that plaintiffs Collins

and Roe have been released from incarceration at Rivers Correctional Institution ("Rivers") and that

their claims are moot. Moreover, plaintiffs Collins and Roe do not dispute that each has been

---

[1]On October 24, 2008, plaintiffs amended their complaint [D.E. 50]. In addition to amendments to the claims, the pleading modified the named plaintiffs. Originally, Keith Mathis was the first-named plaintiff. Compl. ¶ 10. As a result of his release from incarceration in March 2008, Mathis was terminated as a plaintiff in the amended complaint and added as an "other affected person[]" for purposes of attempted class certification. See Am. Compl. ¶ 17.

released from Rivers. See Pls.' Mem. in Opp'n to Defs.' Mots. to Dismiss 13 n.1; see also Fed.

Defs.' Mot. to Dismiss, Cox Decl. ¶ 3. Indeed, on June 11, 2009, Collins filed his own civil action

seeking damages from GEO and others for medical malpractice while he was incarcerated at Rivers.

See Petition for Removal, Attach. 4 (Compl.), Collins v. GEO Group, Inc., No. 5:09-CT-3119-D

(E.D.N.C. July 16, 2009). In that civil action, Collins contends that he was released from Rivers in

2008. See id. ¶ 1.

The court may take judicial notice that Collins and Roe have been released.[2] In light of their

release and that the first amended complaint seeks only injunctive and declaratory relief, the court

concludes that their claims are moot. See, e.g., Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir.

2009). Accordingly, Collins and Roe are dismissed as plaintiffs. Calland is the sole remaining

plaintiff.

Plaintiff filed a motion to certify class [D.E. 31]. The court DENIES without prejudice the

motion to certify class [D.E. 31]. Depending on the outcome of the pending motions to dismiss for

failure to state a claim [D.E. 64, 65], the court will permit plaintiff Calland to renew the motion to

certify class and set a briefing schedule.

The court will hold oral argument on the pending motions to dismiss for failure to state a

claim [D.E. 64, 65] on Thursday, October 8, 2009, at 9:00 a.m. in Courtroom One at the Terry

Sanford Federal Building, 310 New Bern Avenue, Raleigh, North Carolina.

SO ORDERED. This **30** day of September 2009.

JAMES C. DEVER III
United States District Judge

---

[2]Because John Roe is a pseudonym, the court is unable to confirm independently from public records that he has been released from incarceration. The court accepts the parties' representations as true.