IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:08-CT-00021-H

| | | |
|---|---|---|
| KEITH MATHIS et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GEO GROUP, INC.; UNITED STATES OF | ) | FEDERAL DEFENDANTS' |
| AMERICA, through its department, the FEDERAL | ) | MOTION TO DISALLOW |
| BUREAU OF PRISONS; and HARLEY LAPPIN, | ) | PLAINTIFF'S LETTER |
| in his official capacity as Director of the | ) | SUBMISSION OF OCTOBER 26 |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendants. | ) | |

Federal defendants hereby move to disallow plaintiffs' letter submission, dated October 26, 2009, and filed in this case as Docket Entry No. 94. Plaintiff's submission attempts to supplement plaintiff's briefing and oral argument in opposition to the defendants' motions to dismiss by offering information that did not happen to be in the possession of plaintiff's counsel – though it was readily available – at the time of the Court's hearing on October 8, 2009. The Local Rule governing Motion Practice in this Court specifies that appropriate briefing on a motion is limited to the moving party's memorandum in support of the motion, the nonmoving party's memorandum in opposition, the moving party's reply (though replies are discouraged), and any "suggestion[s] of subsequently decided controlling authority." Local Civil Rule 7.1(d)-(g), EDNC. Plaintiff's filing falls into none of these categories. Specifically, the case cited by plaintiff cannot qualify as subsequently decided authority because it was decided on April 8, 2008, approximately 18 months prior to the hearing and approximately 10 months prior to February 26, 2009, the date on which plaintiffs filed their combined memorandum in opposition to defendants'

motions to dismiss. While the Court in its discretion may request or authorize supplemental briefing on any issue, here the Court has not made any such request, nor has it authorized any such filing by plaintiff. Accordingly, federal defendants object to plaintiff's submission.

Federal defendants also object on the ground that the information that plaintiff provides does not change the controlling nature of the Fourth Circuit's opinion in <u>Holly v. Scott</u>, 434 F.3d 287 (4th Cir. 2006), in this case. As federal defendants have previously explained, the court in <u>Holly</u> recognized that government action was a necessary prerequisite for any constitutional violation, and thus for a <u>Bivens</u> claim, but the court did not in any way <u>rely</u> on the nature of relief being sought when it squarely held that the provision of medical care at Rivers Correctional Institution was <u>not</u> a "public function," and therefore did <u>not</u> qualify as government action. <u>Holly</u>, 434 F.3d at 293. Plaintiff's submission thus provides no information that could be relevant to the outcome of this case. For this reason, as well as for the other reasons discussed above, the letter should be disallowed.

Respectfully submitted, this 2d day of November, 2009.

    TONY WEST
    Assistant Attorney General
    GEORGE E.B. HOLDING
    United States Attorney
    VINCENT M. GARVEY
    Deputy Branch Director

    /s/ Kathryn L. Wyer
    KATHRYN L. WYER
    U.S. Department of Justice, Civil Division
    20 Massachusetts Ave. NW
    Washington, D.C. 20530
    Telephone: (202) 616-8475 / Fax: (202) 616-8470
    kathryn.wyer@usdoj.gov
    *Attorneys for Federal Defendants*

CERTIFICATE OF SERVICE

I do hereby certify that I have this 2d day of November, 2009, served a copy of the foregoing upon the parties in this case electronically through the Court's ECF system.

/s/ Kathryn L. Wyer
Kathryn L. Wyer