IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
Case No. 2:08-ct-00021-D

| | | |
|---|---|---|
| LOUIS CALLAND, | ) | |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF LAW IN |
| | ) | SUPPORT OF MOTION FOR |
| v. | ) | LEAVE TO FILE THIRD |
| | ) | AMENDED COMPLAINT TO |
| GEO GROUP, INC., et al., | ) | ADD GREGORY TERRELL AS |
| | ) | PARTY PLAINTIFF |
| Defendants. | ) | |

Plaintiff Louis Calland respectfully submits this memorandum of law in support of the motion for leave to file a Third Amended Complaint to add Mr. Gregory Terrell as party plaintiff pursuant to Rules 15 and 20(a) of the Federal Rules of Civil Procedure.

**INTRODUCTION**

Plaintiff Calland has brought this lawsuit for injunctive relief to remedy the grossly inadequate medical care at the Rivers Correctional Institution ("Rivers"). He filed a Second Amended Complaint pursuant to the Court's order of December 9, 2009, granting leave to amend. Plaintiff Calland alleges that systemic deficiencies -- including insufficient staffing, substantial delays and denials of treatment, lack of access to physical therapy and outside health care providers, and delays and discontinuation of medication -- have caused and continue to cause injury to him and other prisoners at Rivers. Second Am. Compl. ¶¶ 38-39. He seeks to compel Defendants to provide Constitutionally adequate medical care at Rivers, Second Am. Compl. at ¶¶ 38-39, 70, and to diagnose, monitor, treat, and accommodate the medical conditions of Rivers inmates with disabilities, Second Am. Compl. ¶¶ 51, 79. Plaintiff Calland asserts claims under the Eighth Amendment, Section 504 of the Rehabilitation Act, GEO's contract with

the BOP to operate Rivers, and the common law. Second Am. Compl. ¶¶ 62-89. In the interests of judicial efficiency, Plaintiff Calland, joined by Mr. Terrell, seeks leave to file a Third Amended Complaint to add Mr. Terrell as a party plaintiff to this lawsuit.

Mr. Terrell is a current prisoner at Rivers. Like Plaintiff Calland, Mr. Terrell is entirely dependent on Defendants for medical care. Mr. Terrell has a debilitating knee injury that requires reconstructive surgery. As confirmed by an orthopedic surgeon from outside Rivers, his knee is in critical condition, including a diagnosis of end-stage arthritis, and he needs total knee replacement surgery. The debilitating condition of his knee is obvious from a mere glance. Yet, medical personnel at Rivers repeatedly and consistently have refused to allow him to receive corrective surgery. As a consequence, Mr. Terrell has endured intense pain and periods of immobility. Like Plaintiff Calland, Mr. Terrell has been and continues to be injured by the systemic deficiencies in medical care at Rivers. Mr. Terrell seeks to assert the same Constitutional, contract, and common law claims for the same relief as that sought by Plaintiff Calland. As a result, Mr. Terrell has a strong interest in this matter, and, as shown below, his addition as a party plaintiff will not delay the lawsuit or otherwise prejudice any existing party to the case.

## ARGUMENT

In exercising its discretion to grant a motion to amend to join additional plaintiffs, a court "must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)." <u>Hinson</u> v. <u>Norwest Fin. South Carolina, Inc.</u>, 239 F.3d 611, 618 (4th Cir. 2001). As set forth below, Plaintiff Calland's motion satisfies the requirements of both Rules.

## I. The Addition of Mr. Terrell as Party Plaintiff Satisfies the Permissive Joinder Requirements and Promotes the Interests of Judicial Efficiency.

Rule 20(a) provides that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). It is well established that Rule 20(a) should be interpreted in favor of joinder: "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966); see also Aleman v. Chugach Support Serv., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007) ("Rule 20 gives courts wide discretion concerning the permissive joinder of parties, and should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.") (internal quotation marks omitted). Consistent with the general policy in favor of joinder, both "[t]he transaction and common question requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy." Jonas v. Conrath, 149 F.R.D. 520, 523 (S.D. W. Va. 1993) (internal quotation marks omitted).

Here, both joinder requirements are satisfied. First, the harms suffered by Plaintiff Calland and Mr. Terrell are the product of the same transaction or occurrence: Plaintiffs allege an institutional failure to provide adequate medical care and both men seek to remedy common systemic policies or practices, including insufficient staffing, substantial delays and regular denials of treatment, and lack of access to physical therapy. See Corona v. Knowles, 2009 WL 3698510, at *4 (E.D. Cal. Nov. 4, 2009) (holding the transaction requirement satisfied where two prisoners complained of the same prison's "pattern and practice of discriminatory lockdowns.");

Martinez v. Robinson, Co., 2001 WL 498407, at *6 (S.D.N.Y. May 10, 2001) ("Joinder of plaintiffs is appropriate where plaintiffs have "allege[d] discrete injuries stemming from a common institutional policy or custom.").

Further, common questions of both law and fact are raised by Plaintiff Calland and Mr. Terrell. Mr. Terrell and Plaintiff Calland assert the same legal bases for their Constitutional, contract and common law claims, and those claims result from the common manner in which Defendants have failed to address Mr. Terrell and Plaintiff Calland's medical conditions. See Martinez, 2001 WL 498407, at *6 (holding the common question requirement satisfied where the prisoners both alleged that prison officials were "deliberately indifferent to the risk of harm imposed on prisoners who were rear-cuffed while being transported"). They will therefore seek to prove essentially the same facts concerning the conditions at Rivers as a result of the practices and policies of the Defendants, making joiner appropriate. Accordingly, the legal claims and facts asserted by Plaintiff Calland and Mr. Terrell easily meet Rule 20(a)'s requirement that "any question of law or fact common to all plaintiffs will arise." Fed. R. Civ. P. 20(a)(1); see Hinson, 239 F.3d at 618 (holding that a district court did not abuse its discretion in permitting joinder even though "factual circumstances . . . differed"); Lanehart v. Devine, 102 F.R.D. 592, 595 (D. Md. 1984) (granting a motion to add plaintiffs where their claims did "not differ as to the legal basis for entitlement" but differed "with regard to the amount of damages to which they may be entitled").

Because Mr. Terrell's claims satisfy the requirements of Rule 20(a), combining his claims with those of Plaintiff Calland will streamline any future discovery about the medical care

at Rivers and will "serve judicial economy and promote the just, speedy and inexpensive determination of the action." Jonas, 149 F.R.D. at 523-24.[1]

> II. **The Addition of Mr. Terrell as Party Plaintiff Does Not Prejudice Defendants Or Cause Undue Delay.**

Plaintiff's motion to amend the complaint to add Mr. Terrell as a party plaintiff also satisfies the requirements of Rule 15. Rule 15 allows a party to amend its pleadings by leave of court, providing that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion to amend should be denied "<u>only</u> when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile". Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original) (internal quotation marks omitted).

<u>First</u>, this litigation is still in an early stage and the addition of Mr. Terrell will not delay or prejudice the adjudication of the rights of the original parties. Eigles v. Kim, 2009 WL 5108581, at *2 (D. Md. Dec. 16, 2009) ("Amendments that require little additional discovery, arise well before trial, and are not 'entirely unexpected' do not unduly prejudice the non-moving party.") Here Defendants have not filed responsive pleadings, and no discovery has taken place. In addition, there is no prejudice to Defendants with respect to the claims at issue, because they were put on notice of all claims by the original and previously amended complaints. See Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) (explaining that when the "defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the

---

[1] The addition of Mr. Terrell to the pending lawsuit will also diminish the risk that the current putative class plaintiffs lose standing, through release or transfer, to advance claims for injunctive and declaratory relief on behalf of the class of current and future men imprisoned at Rivers. Adding Mr. Terrell as plaintiff would thus prevent the parties from having to engage in repetitive litigation over the same claims, which would cause undue delay and waste the resources of the Court, the parties, and the members of the class.

amendment could not in any way prejudice the preparation of defendant's case"). The proposed Third Amended Complaint does not alter in any way the claims in the Second Amended Complaint; it challenges the same systemic deficiencies in the delivery of medical care on the same legal grounds.

Second, there has been no bad faith or undue delay in filing the amended complaint. Rule 15 does not place a time limit on motions for leave to amend, Fed. R. Civ. P. 15(a); and therefore "[i]t is well established in this circuit that delay alone, without prejudice, does not support the denial of a motion for leave to amend." Pittston Co. v. U.S., 199 F.3d 694, 706 (4th Cir. 1999) (internal quotation marks omitted); see Davis, 615 F.2d at 613. A party acts in good faith by diligently filing a motion to amend without an improper purpose. See Laber v. Harvey, 438 F.3d 404, 427-28 (4th Cir. 2006). Plaintiff Calland did not have leave to add Mr. Terrell when he filed a Second Amended Complaint in December 2009, so he had to file this request in a separate and subsequent motion. Plaintiff Calland has acted diligently and in good faith and, as discussed above, no undue prejudice to Defendants will result from the short delay in amendment.

Third, Plaintiff Calland's Third Amended Complaint is not futile. "An amendment is futile if it 'fails to satisfy the requirements of the federal rules' or if it is 'clearly insufficient or frivolous on its face.'" Martin v. Scott & Stringfellow, Inc., 2009 WL 54510, at *1 (E.D. Va. Jan. 8, 2009) (quoting U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) and Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986)). The complaint will withstand a motion to dismiss, states a legal theory, and pleads those additional allegations against the BOP that were invited by the Court in its November 2009 Order. The Third Amended Complaint is therefore proper under Rule 15(a).

## CONCLUSION

For the foregoing reasons, the Court should grant plaintiff' motion for leave to file a Third Amended Complaint to add Mr. Terrell as party plaintiff.

Dated: March 10, 2010                                    Respectfully submitted,

|  |  |
|---|---|
|  | /s/ Neil A. Riemann |
| Philip J. Fornaci (DC Bar # 434824) | Neil A. Riemann (NC Bar #19258) |
| Deborah M. Golden (DC Bar # 470578) | PENRY RIEMANN PLLC |
| WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS | 510 Glenwood Avenue, Suite 319 Raleigh, NC 27603 |
| 11 Dupont Circle N.W. | 919.833.9449 (ph) |
| Suite 400 | 919.833.9448 (fax) |
| Washington, D.C. 20036 |  |
| 202.319.1000 (ph) | /s/ Anthony Herman |
| 202.319.1010 (fax) | Anthony Herman (DC Bar # 424643) |
|  | Donald J. Ridings (DC Bar 466808) |
|  | Danielle M. Estrada (DC Bar # 494517) |
|  | Laura E. Schattschneider (DC Bar 976423) |
|  | COVINGTON & BURLING LLP |
|  | 1201 Pennsylvania Avenue N.W. |
|  | Washington, D.C. 20004 |
|  | 202.662.6000 (ph) |
|  | 202.662.6291 (fax) |
|  |  |
|  | *Counsel for Plaintiffs* |

# CERTIFICATE OF SERVICE

I hereby certify that I have this 10th day of March, 2010, filed the foregoing using CM/ECF, which will serve all required parties by sending a Notice of Electronic Filing to all counsel of record.

      /s/ Neil A. Riemann
      Neil A. Riemann