IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
Case No. 2:08-ct-00021-D

| | |
|---|---|
| LOUIS CALLAND, <br><br> Plaintiff, <br><br> v. <br><br> GEO GROUP, INC., et al., <br><br> Defendants. | PLAINTIFF'S REPLY TO FEDERAL DEFENDANTS' RESPONSE TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT TO ADD GREGORY TERRELL AS PARTY PLAINTIFF |

The Federal Bureau of Prisons and Director Harley Lappin (the "Federal Defendants") do not argue that the joinder of Mr. Terrell is improper under Rule 20(a) or that his addition as party plaintiff would cause prejudice or undue delay. Nor could they. Rather, their sole objection to the proposed amendment is that it would be "futile." "Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986). The proposed amendment is neither.[1]

Even if the Court were to conclude that the proposed amendment would not survive dismissal, the Court should nonetheless exercise its discretion and grant leave to amend in the interests of justice and judicial economy. The grant of an amendment "is within the sound discretion of the district court," Davis v. Virginia Commonwealth Univ., 180 F.3d 626, 628 (4th

---

[1] Plaintiff expressly incorporates by reference the arguments and authorities included in Plaintiff's Consolidated Memorandum of Points and Authorities in Opposition to Defendants Federal Bureau of Prisons' and Harley Lappin's Motion to Dismiss, and Defendant Geo Group, Inc.'s Motion to Dismiss the Second Amended Complaint (Mar. 9, 2010) (dkt. #113).

Cir. 1999), and courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); see also The Pittston Co. v. United States, 199 F.3d 694, 705 (4th Cir. 1999) ("[A] court may not exercise its discretion in a way that undermines the basic policy of Rule 15."). Similarly, courts should exercise their "wide discretion concerning the permissive joinder of parties" in order to "expedite the final determination of disputes, thereby preventing multiple lawsuits." Aleman v. Chugach Support Serv., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007) (emphasis added).

Granting leave to amend will serve the interest of judicial economy because it will permit Mr. Terrell and Mr. Calland to adjudicate their claims in a single lawsuit and challenge any adverse judgment in a single appeal. The alternative—requiring Mr. Terrell to file a separate lawsuit, rebriefing Rule 12 issues previously briefed and decided as to Mr. Calland, and (if needed) filing a separate appeal—would consume many months and would duplicate work that this Court and the parties have already done. That would not serve the interests of justice and judicial economy.

Furthermore, if the Court decides to dismiss Mr. Calland's amended complaint, then permitting Mr. Terrell to join the pending lawsuit as a named plaintiff will also serve the interests of justice by diminishing the likelihood that the current putative class plaintiffs lose standing while their appeal is pending. The ten original plaintiffs filed their complaint in this case on June 28, 2007, some 34 months ago. As of today, all of those original plaintiffs have been released or transferred from Rivers, as have two of the three additional named plaintiffs that joined the lawsuit last year. That has left Mr. Calland as the sole remaining named plaintiff. The Federal Defendants have previously moved to dismiss as moot the claims of prisoners who are no longer at Rivers. If Mr. Calland is transferred or released while the appeal is pending—and

we note that the decision to transfer lies solely within the discretion of the Federal Defendants themselves—then they no doubt will file a motion to dismiss the entire appeal as moot. Such a result could not be squared with the interests of justice.

This situation is analogous to a claim that is "capable of repetition, yet evading review" because "other persons similarly situated will be detained under the allegedly unconstitutional procedures." Schall v. Martin, 467 U.S. 253, 256 n.2 (1984). Until their class has been certified, however, putative class plaintiffs must depend on the standing of the named plaintiffs. Cf. Jones v. Murphy, 470 F. Supp. 2d 537, 550-51 (D. Md. 2007) (stating that a certified class of prisoners may have standing "irrespective of the named plaintiff's ability to obtain standing for injunctive relief individually," because "new persons with 'live' claims for injunctive relief . . . are constantly entering the category of those subject to defendants' alleged practice, irrespective of named plaintiff's ability to obtain standing for injunctive relief individually") (internal quotation marks omitted).

The plaintiffs in this lawsuit have made serious allegations about the harms that they have suffered while prisoners at Rivers. Those harms are ongoing. Justice requires that those claims be heard and judged against the appropriate substantive legal norms, rather than dismissed as moot solely because of the time required for a case such as this one to work its way through an overburdened judicial system.

## CONCLUSION

Accordingly, the Court should grant Plaintiff's motion for leave to file a Third Amended Complaint to add Mr. Terrell as party plaintiff.

Dated: April 22, 2010                                        Respectfully submitted,

  /s/ Neil A. Riemann

| | |
|---|---|
| Philip J. Fornaci (DC Bar # 434824) | Neil A. Riemann (NC Bar #19258) |
| Deborah M. Golden (DC Bar # 470578) | PENRY RIEMANN PLLC |
| WASHINGTON LAWYERS' COMMITTEE FOR | 510 Glenwood Avenue, Suite 319 |
|   CIVIL RIGHTS AND URBAN AFFAIRS | Raleigh, NC 27603 |
| 11 Dupont Circle N.W. | 919.833.9449 (ph) |
| Suite 400 | 919.833.9448 (fax) |
| Washington, D.C. 20036 | |
| 202.319.1000 (ph) |   /s/ Anthony Herman |
| 202.319.1010 (fax) | Anthony Herman (DC Bar # 424643) |
| | Donald J. Ridings (DC Bar 466808) |
| | Danielle M. Estrada (DC Bar # 494517) |
| | Laura E. Schattschneider (DC Bar # 976423) |
| | COVINGTON & BURLING LLP |
| | 1201 Pennsylvania Avenue N.W. |
| | Washington, D.C. 20004 |
| | 202.662.6000 (ph) |
| | 202.662.6291 (fax) |

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have this 22nd day of April, 2010, filed the foregoing using CM/ECF, which will serve all required parties by sending a Notice of Electronic Filing to all counsel of record.

      /s/ Neil A. Riemann
      Neil A. Riemann