IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:08-CT-21-D

| KEITH MATHIS, et al., | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GEO GROUP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Gregory Terrell ("Terrell") is an inmate at Rivers Correctional Institution ("Rivers"). Terrell contends that defendants GEO Group, Inc. ("GEO"), the Federal Bureau of Prisons ("BOP"), and Harley Lappin ("Lappin"), Director of the BOP (collectively, "BOP defendants"),[1] have violated and are violating federal and state law in connection with their medical care. GEO is a private corporation that owns and operates Rivers, and the BOP has a procurement contract with GEO under which it pays GEO to house federal inmates at Rivers. Terrell seeks declaratory and injunctive relief and wishes to serve as the class representative for all current and future inmates at Rivers.

On November 9, 2009, the court granted defendants' motions to dismiss the amended complaint, but granted a former plaintiff's ("Calland")[2] request to file a second amended complaint to amend the deficient claims [D.E. 96]. On December 9, 2009, Calland filed a second amended complaint [D.E. 98]. On September 29, 2010, the court granted in part defendants' motions to

---

[1] Lappin is sued in his official capacity; therefore, plaintiffs' claims against Lappin are effectively claims against the BOP itself. See Kentucky v. Graham, 473 U.S. 159, 165 (1985). Thus, the court refers to the BOP and Lappin collectively as the BOP defendants.

[2] On September 26, 2011, Calland and the BOP defendants filed a stipulation of dismissal without prejudice as to Calland [D.E. 170]. The BOP defendants do not argue that Calland's dismissal changes the court's analysis with respect to the issues on which they seek reconsideration.

dismiss, dismissed GEO from the action, and granted Calland's motion for leave to file a third amended complaint [D.E. 122]. On October 25, 2010, Calland and Terrell filed a third amended complaint. Third Am. Compl. [D.E. 125]. On July 18, 2011, the court granted GEO's motion to dismiss and granted in part and denied in part the BOP defendants' motion to dismiss or for summary judgment [D.E. 155].

On August 11, 2011, the BOP defendants moved for partial reconsideration [D.E. 159], to which Terrell responded in opposition [D.E. 164], and the BOP defendants replied [D.E. 169]. On August 23, 2011, Terell filed a second motion for class certification [D.E. 161]. On September 16, 2011, the BOP defendants moved to stay the briefing deadlines on Terrell's second motion for class certification [D.E. 165], to which Terrell responded in opposition [D.E. 172], and the BOP defendants replied [D.E. 173]. As explained below, the court denies the BOP defendants' motion for reconsideration and grants their motion to stay. Terrell's second motion for class certification remains pending.

I.

In its November 9, 2009 order, the court described in detail the background of this case and thus restricts its discussion in this order to the pending motions. Additionally, the court limits its discussion of the allegations in the complaint to those claims remaining after the court's July 18, 2011 order.

The third amended complaint alleges that the BOP defendants have provided inadequate medical care to inmates incarcerated at Rivers in violation of the Eighth Amendment, and makes several allegations regarding the BOP's involvement in the day-to-day operations of Rivers. Terrell alleges that the contract between GEO and the BOP "vests the BOP with the power to exercise control over GEO's personnel decisions, policies, and procedures. The BOP, in turn, is charged with

2

monitoring and overseeing GEO's compliance with . . . contract obligations." Third Am. Compl. ¶ 34. The contract also allegedly "provides for on-site BOP monitors at the Rivers facility, charges [the BOP monitors] with 'the technical direction of the performance of all work' performed pursuant to the Rivers Contract, and requires the construction of a 2,500-square-foot office and ten parking spaces for [the BOP monitor's] exclusive use." Id. ¶ 36.

According to Terrell, the BOP "has specific responsibility for oversight and monitoring of GEO's activities at Rivers" through the Privatization Management Branch of its Correctional Programs Division. Id. ¶ 35. "[T]he BOP's Privatization Management Branch has received administrative complaints from prisoners, including . . . Terrell, concerning the medical conditions at Rivers." Id. Terrell and other prisoners have submitted "Regional Administrative Remedy Appeals to BOP's Privatization Management [B]ranch" and the BOP has rejected such appeals. Id. In addition, "an on-site BOP monitor participates in the prison officer 'main line,'[3] which occurs daily . . . ." Id. ¶ 36. Accordingly, Terrell alleges that, through its on-site involvement and supervision at Rivers via the Privatization Management Branch and participation by BOP monitors in the main line, "the BOP is aware of and continues to disregard the risks and severe harm to prisoner health and safety detailed by Plaintiffs in the Complaint." Id. It "has received actual notice of the harms caused to prisoners in its custody by the grossly inadequate medical care and lack of accessible facilities at Rivers," and "ha[s] actual notice of prison complaints about the medical conditions and can get visual confirmation of the lack of accessibility for disabled prisoners in the facility." Id. ¶¶ 35–36. Terrell claims that the allegedly inadequate medical care provided at Rivers violates the Eighth Amendment of the United States Constitution, seeks injunctive relief, and

---

[3] "During the daily 'main line,' prison staff stand together outside of the dining hall at mealtime to make themselves available for informal discussions with prisoners and to receive and address their complaints." Third Am. Compl. ¶ 36.

3

proposes to proceed as a class action on behalf of current and future inmates at Rivers. Id. ¶¶ 63–71.

On July 18, 2011, in ruling on the BOP defendants' third motion to dismiss or for summary judgment, the court addressed and rejected in part the BOP defendants' newly asserted contention that the complaint is subject to dismissal for plaintiffs' failure to exhaust their administrative remedies before filing their original complaint on June 28, 2007, or for plaintiffs' failure to provide sufficient detail to exhaust a claim for systemic problems in the medical care provided at Rivers. [D.E. 155] 7–12. The BOP defendants seek reconsideration of the court's determinations with respect to exhaustion. Defs.' Mem. Supp. Mot. Recons. [D.E. 160] 1.

II.

The BOP defendants seek reconsideration of the court's determination on these issues pursuant to Federal Rule of Civil Procedure 54(b), which provides that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Before a final order is entered, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment," but are "committed to the discretion of the district court . . . ." Am. Canoe, 326 F.3d at 514–15; see Saint Annes Dev. Co., Inc. v. Trabich, No. 10-2078, 2011 WL 3608454, at *3 (4th Cir. Aug. 17, 2011) (per curiam) (unpublished).

4

The BOP defendants do not cite to any new evidence or subsequently decided case law, focusing instead on whether the court's partial rejection of their arguments with respect to exhaustion of administrative remedies was erroneous. See Defs.' Mem. Supp. Mot. Recons. 1.[4] The BOP defendants first seek reconsideration "with respect to the Court's ruling that plaintiffs have satisfied the PLRA's exhaustion requirement with respect to all claims asserted in ¶ 39(a) through (c) of their Third Amended Complaint." Id. at 4. The BOP defendants then reprise their argument that the plaintiffs' grievances describing inadequacies in the health care provided to them are insufficient in detail to exhaust "the numerous claims set forth in" paragraph thirty-nine of the Third Amended Complaint. Id.

The court has considered (again) the arguments. The court denies the request for reconsideration. See, e.g., Amador v. Andrews, 655 F.3d 89, 104 (2d Cir. 2011); Riggs v. Valdez, No. 1:09-CV-010-BLW, 2010 WL 4117085, at *12–14 (D. Idaho Oct. 18, 2010); Flynn v. Doyle, No. 06-C-537, 2007 WL 805788, at * 10–13 (E.D. Wis. Mar. 14, 2007) (unpublished).

Next, the BOP defendants seek reconsideration of the court's determination that "the timing of plaintiffs' exhaustion—prior to their filing of the Third Amended Complaint but after the filing of the original Complaint by a different set of plaintiffs—did not affect the conclusion that they had properly exhausted their claims." Defs.' Mem. Supp. Mot. Recons. 10.[5] The BOP defendants also

---

[4] The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84–85 (2006). The court previously reviewed the PLRA's exhaustion requirements, [D.E. 155] 8, and does not repeat that discussion in this order.

[5] To the extent the BOP defendants complain that the court's prior determination was based on case law that it previously had no opportunity to address, Defs.' Mem. Supp. Mot. Recons. 11 n.3, the court notes that the BOP defendants first asserted their arguments concerning exhaustion by new plaintiffs after the filing of the original complaint in their reply brief.

5

seek reconsideration of the court's ruling that they "continue to bear the burden to establish that the original/former plaintiffs failed to satisfy the PLRA exhaustion requirement, even though those individuals are no longer parties in the case, in order to establish that the current plaintiffs have failed to exhaust their claims." Id. at 12.

Although the BOP defendants seek to distinguish the cases cited by the court based on whether the original plaintiffs remained in the case or had been dismissed as moot at the time of filing the amended complaint, the BOP defendants do not explain how this distinction alters the court's analysis. Therefore, the court denies the motion for reconsideration.

III.

For the reasons stated above, the BOP defendants' motion for reconsideration [D.E. 159] is DENIED. The BOP defendants' motion to stay [D.E. 165] is GRANTED, and the BOP defendants shall file their response to plaintiffs' motion for class certification [D.E. 161], which remains pending, not later than January 30, 2012. Plaintiffs shall file any reply not later than February 6, 2012. The court hereby REFERS the parties' proposed discovery schedules [D.E. 156–157] to United States Magistrate Judge James E. Gates for entry of a scheduling order.

SO ORDERED. This 9 day of January 2012.

JAMES C. DEVER III
Chief United States District Judge